DONALD E. SIZER, Plaintiff and Counterdefendant-Appellee, *v.* LOTUS GRAIN & COAL CO., INC., Defendant and Counterplaintiff-Appellant.—(THE ANDERSONS, Defendant).

Fourth District   No. 15130

Opinion filed April 16, 1979.

William M. Goldstein, of Gaston & Goldstein, of Urbana, for appellant.

John T. Phipps, of Phipps and Evans, of Champaign, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

This matter turns in this court on the issue of appealability.

Do we have jurisdiction?

In sum—no.

We must dismiss.

A jury trial occurred on January 18, 1978, resulted in a verdict for Donald E. Sizer (plaintiff), and on February 15, 1978, Lotus Grain & Coal

Co., Inc. (defendant) filed a post-trial motion. On May 10, 1978, the trial court denied this motion and motions for a directed verdict which were pending at that time. On May 15, 1978, defendant filed a "Motion to Expand Order" stating that the questions involved were matters of first impression in Illinois and that further explanation was needed to make the trial court's rulings clear to the higher courts. This motion was denied by the trial court on July 6, 1978, and a notice of appeal was filed on July 28, 1978.

We do not reach the merits since this appeal must be dismissed for failure to file a timely notice of appeal.

Supreme Court Rule 303(a) (58 Ill. 2d R. 303(a)) in part provides:

"(a) Time. Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion."

And Supreme Court Rule 301 (58 Ill. 2d R. 301) makes the filing of a notice of appeal jurisdictional.

The trial court here denied the post-trial motion on May 10, 1978, and the notice of appeal was filed on July 28. This obviously is well beyond the 30-day period allowed.

■■ An additional question is raised, however, by the defendant's election to file a "motion to expand." Section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(3)) says:

"(3) Post-trial motions must be filed within 30 days after the entry of judgment or the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof."

By the terms of this section, a trial court could extend the time for the filing of post-trial motions, thereby altering the deadline for the notice of appeal. It does not, however, give the trial court the authority to grant more than one opportunity for post-trial motions. In the case at bench, the defendant was given an opportunity to file a post-trial motion, which he did. Upon the denial of that motion, the defendant had 30 days in which to file a notice of appeal or lose that right.

This rule may seem harsh, especially in a case where a litigant with a genuine claim is precluded from an appeal due to a procedural rule. The policy behind the rule is, however, quite clear. Without such a rule, there would be no finality of judgments, no end to disputes. Parties who already find themselves in protracted litigation would be faced with the possibility of *ad infinitum* controversies. In addition, our society would be virtually hamstrung if large amounts of property—or valuable

individual rights—were placed in a state of limbo for even longer periods than they are at the present time.

A few courts, recognizing the harshness of the rigid procedural rules involved, have attempted to abrogate the effect by creating judicial exceptions to the rules. In *City of Chicago v. Greene* (1970), 47 Ill. 2d 30, 264 N.E.2d 163, *cert. denied* (1971), 402 U.S. 996, 29 L. Ed. 2d 162, 91 S. Ct. 2180, the defendant filed a notice of appeal 31 days after judgment. Since the 30th day was a Sunday, the court held that a filing on the following Monday was timely. The court went further, however, and stated:

> "The issues not raised in the defendant's original post-trial motion but raised by the subsequent post-trial motions of the defendant could have been regarded as a supplement or amendment to his original post-trial motion and it was properly within the discretion of the trial court to have allowed the defendant leave to file such subsequent motions. [Citations.]" (47 Ill. 2d 30, 33, 264 N.E.2d 163, 165.)

It is not clear in the opinion at precisely what point the 30-day period for notice of appeal begins to run (*i.e.*, from the ruling on the first motion or the rulings on subsequent motions). The implications of the quoted language could lead one to believe that additional time is allowed if the subsequent motions are to supplement or amend the original motions. In the case at bar, however, the "Motion to Expand Order" did not in any way attempt to either change or alter the original post-trial motion or to bring in additional material.

Another case which further befogs the issue is *Bernitt v. Brown* (1973), 16 Ill. App. 3d 774, 306 N.E.2d 513. In *Bernitt*, the court relied on *dicta* from the case of *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873, in holding that a party may file a second post-trial motion attacking the judgment. But we need not concern ourselves with this question because—even assuming *Bernitt* to be a correct statement of the law—the second motion in this case was not one which attacked the judgment. It sought only the *reasons* for the court's action.

Both parties have, in their supplemental briefs and in oral arguments, urged this court to hear the appeal. We are, however, obliged always to inquire into our jurisdiction. Here, want of jurisdiction is clearly apparent on the face of the record. *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553.

As a final point, it should be noted that this court is to some extent sympathetic to the defendant's position. Here, the defendant's counsel was faced with a situation where the trial court disposed of the post-trial motion (and the motion for directed verdicts) with a docket entry of less than three full sentences. At that point, counsel was faced with deciding

whether or not to undergo the time, effort, and expense of appeal, without a scintilla of guidance as to the basis or reasons for the trial court's ruling. If counsel decided to pursue an appeal, he would then be compelled to take shots in the dark—to speculate on the legal theories or concepts to rely upon before this court.

■■ Only a portion of the vitality of our system of jurisprudence is derived from the competence and ability of our trial courts. The rest comes from the faith and respect of those—be they attorneys or litigants—who are involved in our adversarial system. The law as it is applied must be relied upon, and the attorney, much less the common man, cannot do so when the reasons for a trial court's ruling are hidden from inspection by the public or the scrutiny of an appellate court. It is true that trial courts are not required to state the reasons for their rulings, more's the pity. If they were, not only would it dissipate the need for a large number of appeals, but it would also help alleviate any potential scepticism of the judiciary's actions.

We venture to speculate that if a trial judge articulates the reasons for his final and appealable action—via memorandum of opinion, findings in the judgment order, or dictated orally somewhere on the record—a host of potential appellants will accept the ultimate ruling without insisting upon their State constitutional right of review. The elements of chance and uncertainty will have been primarily removed, thus affording a more clean, clear choice in the balancing of the probabilities of success on appeal.

This is not the first time—nor, in all probability, will it be the last—that this court has urged trial judges to make their record more explicit and enunciate with clarity not only *what* they are doing, but *why! Turner v. Commonwealth Edison Co.* (1976), 35 Ill. App. 3d 331, 341 N.E.2d 488; *McElroy v. Patton* (1970), 130 Ill. App. 2d 872, 265 N.E.2d 397; *Reese v. Crain* (1968), 98 Ill. App. 2d 380, 240 N.E.2d 358.

*Ergo*, since we lack jurisdiction, we must dismiss this appeal.

Appeal dismissed.

REARDON, P. J., and CRAVEN, J., concur.