THIRD DIVISION

FILED: 03/31/03

No.  1-02-1139

HAYES MACHINERY MOVERS, INC., ) Appeal from the

 ) Circuit Court of

Plaintiff-Appellee, ) Cook County

)

v. )

)

REO MOVERS & VAN LINES, INC., )

)

  Defendant and Third-Party Plaintiff- )

  Appellant, )

 )

v. )

)

DMBC, INC., ) Honorable

) Janice R. McGaughey,

Third-Party Defendant-Appellee. ) Judge Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Hayes Machinery Movers, Inc. (Hayes), filed the instant action seeking a judgment against the defendant, REO Movers & Van Lines, Inc. (REO), for breach of contract.  REO filed an amended third-party complaint for breach of contract against the third-party defendant, DMBC, Inc. (DMBC).   On February 5, 2002, after a bench trial, the circuit court entered both a judgment in the amount of $12,800 plus costs in favor of Hayes against REO and a judgment in the sum of $12,400 plus costs 
in favor of REO
 against DMBC.  Thereafter, on March 5, 2002, DMBC filed a pleading entitled a "Motion for Findings," requesting that the trial court "modify the Judgment entered in this matter by providing its findings of fact and law that were the basis for the Judgment."  In response to DMBC's motion, the trial court entered an order on March 20, 2002, setting forth a number of its factual findings.  On April 18, 2002, DMBC filed a notice of appeal from the judgment entered against it on February 5, 2002, and the trial court's subsequent order of March 20, 2002.

In its brief to this court, Hayes argues, 
inter
 
alia
, that we should dismiss this appeal for want of jurisdiction by reason of DMBC's failure to file its notice of appeal within 30 days of the entry of the trial court's judgment as mandated by Supreme Court Rule 303 (155 Ill. 2d R. 303).  REO has adopted Hayes' brief.

Supreme Court Rule 303(a)(1) provides, in relevant part, that: 

"the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion."  155 Ill. 2d R. 303(a)(1).

It is undisputed that, in order to vest this court with jurisdiction to entertain DMBC's appeal, its notice of appeal must have been filed within the time provided in Rule 303.  
Archer Daniels Midland Co. v. Barth
, 103 Ill. 2d 536, 538-39, 470 N.E.2d 290 (1984).

The resolution of the question of whether we have jurisdiction over the instant appeal requires a determination as to whether DMBC's March 5, 2002, "Motion for Findings" constitutes a post-trial motion such that it tolled the time for filing of a notice of appeal.  For a motion in a non-jury case to qualify as a post-trial motion within the meaning of Rule 303(a)(1), "one or more of the types of relief specified in section 2-1203 [of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203 (West 2002))] must be specifically requested."  
Marsh v. Evangelical Covenant Church of Hinsdale
, 138 Ill. 2d 458, 461, 563 N.E.2d 459 (1990).  Section 2-1203(a) of the Code states that:

"[i]n all cases tried without a jury, a party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extension thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."  735 ILCS 5/2-1203(a) (West 2002).

In this case, DMBC's motion did not request a rehearing, a retrial, or an order vacating the judgment entered against DMBC on February 5, 2002.  Our analysis turns then to the issue of whether a motion, such as the one filed by DMBC, which requests that the court provide the findings of fact and law which formed the basis for a previously entered judgment constitutes a motion for a modification of that judgment or seeks "other relief" within the meaning of section 2-1203.

Relying primarily upon the holding in 
Knapp v. City of Decatur
, 160 Ill. App. 3d 498, 513 N.E.2d 534 (1987), DMBC argues that its March 5, 2002, "Motion for Findings" is a post-trial motion directed against the trial court's February 5, 2002, judgment.  As a consequence, DMBC asserts, its notice of appeal, having been filed within 30 days of the disposition of the March 5, 2002, motion, is timely and vests this court with jurisdiction.  For the reasons which follow, we disagree with DMBC's arguments in this regard and decline to follow 
Knapp
.

In 
Knapp
, the court was also faced with the question of whether a "Motion for Findings" was a post-trial motion.  Subsequent to the entry of a final order dismissing their action, the plaintiffs in 
Knapp
 filed a motion requesting that the trial court "indicate (1) whether the plaintiffs' motion for leave to file an amended complaint was granted; (2) whether plaintiffs' first-amended complaint was filed; (3) whether the complaint or amended complaint was dismissed; and (4) whether the cause was dismissed with or without prejudice."  
Knapp
, 160 Ill. App. 3d at 501.  After observing that the plaintiffs' motion requested specific findings not stated by the trial court at the time it dismissed the action, the 
Knapp
 court held that the motion was sufficiently directed to the dismissal order to constitute a post-trial motion.  
Knapp
, 160 Ill. App. 3d at 503.  The court reasoned that, although the plaintiffs' motion for findings may not have requested an outright modification of the dismissal order, it asked for similar relief and, therefore, came within the scope of the "other relief" specified in section 2-1203.  
Knapp
, 160 Ill. App. 3d at 503.  We disagree.

To modify an item is to change it.  Webster's Third New International Dictionary 1452 (1981).  A motion which merely requests that the court articulate the findings of fact and law upon which its prior judgment is predicated does not request a change in the judgment.  Such a motion requests only a statement of the underlying reasons for the entry of the judgment.  If the motion is granted and the court states its findings of fact and law, the judgment is not changed or altered.

Here, DMBC's "Motion for Findings" requested no change in the trial court's February 5, 2002, judgment.  The motion requested only that the trial court provide the "findings of fact and law that were the basis for the judgment."  Regardless of the resolution of DMBC's motion, the court's $12,400 judgment against DMBC on REO's third-party complaint would remain unchanged.  For this reason, we hold that DMBC's motion did not request a modification of the judgment. 

We must next consider whether DMBC's "Motion for Findings" requested a type of relief falling within the scope of "other relief" as that term is used in section 2-1203 of the Code.  "[T]he 'other relief' specified in section 2-1203 must be similar in nature to the other forms of relief enumerated in the section."  
Marsh
, 138 Ill. 2d at 461-62.  A request that a court articulate the findings of fact and law upon which its prior judgment is predicated is in no way similar to a request that the court grant a rehearing or a retrial or that it vacate its prior judgment.  Further, because such a motion does not request a change in the prior judgment, it is not similar to a request for a modification of that judgment.  For these reasons, and contrary to the holding in 
Knapp
, we conclude that a motion which merely requests that the trial court state the factual findings and legal conclusions supporting a previously entered judgment is not a post-trial motion within the meaning of section 2-1203 of the Code.

Our analysis of this issue leads us to conclude both that DMBC's March 5, 2002, "Motion for Findings" was not a post-trial motion within the meaning of Rule 303(a)(1) and that its notice of appeal is untimely because it was filed more than 30 days after the entry of the trial court's February 5, 2002, judgment.  As a consequence, we are compelled to dismiss this appeal for want of jurisdiction.  
Archer Daniels Midland Co.
, 103 Ill. 2d at 539. 

Appeal dismissed.

HALL, J., concurs.

WOLFSON, J., specially concurs.

JUSTICE WOLFSON, specially concurring:

I write this special concurrence because I do not agree that 
Knapp v. City of Decatur
, 160 Ill. App. 3d 501 (1987) was wrongly decided.  In 
Knapp
, the trial judge first entered an order that did not tell the parties which complaint was dismissed or whether the dismissal was with or without prejudice.  The motion at issue did not ask for findings of fact or law.  It asked that the order be changed to provide clarity for the action taken by the trial judge.

The court correctly held the motion for findings came within the "other relief" portion of section 1203(a) because it requested "a change in the form of the original judgment to reflect the actual action taken."  
Knapp v. City of Decatur
, 160 Ill. App. 3d at 503.  The first order did 
not further a policy of bringing finality to judgments and ends to disputes.  See 
Sizer v. Lotus Grain and Coal Company
, 70 Ill. App. 3d 739, 740 (1970).

In contrast, the Motion For Findings filed by DMBC was not a post-trial motion within the meaning of 735 ILCS 5/2-1203(a) (West 2002).  See 
Lewis v. Loyola University
, 149 Ill. App. 3d 88 (1986) (motion for entry of proposed findings of fact and conclusions of law is not directed against the judgment as required by Supreme Court Rule 303(a)(1)).  For that reason, I agree we have no jurisdiction to consider this case.