NO. 4-03-0956

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

R&G, INC., 

Plaintiff-Appellant,

v.

MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, INC., a Non-Profit Corporation,

Defendant-Appellee.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Sangamon County

No. 01CH565

Honorable

Leo J. Zappa, Jr.,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

Section 2-1203(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203(a) (West 2002)) governs postjudgment motions in nonjury cases.  Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)) governs appeals from final judgments in civil cases and provides that if a party timely files a posttrial motion directed against the judgment, the notice of appeal may be filed within 30 days of the entry of the order disposing of that postjudgment motion, rather than within 30 days of the court's initial entry of judgment.  The issue this case presents is whether the postjudgment motion filed by plaintiff, R&G, Inc., met the requirements of section 2-1203(a) and Rule 303(a)(1) so as to permit the filing of the notice of appeal more than 30 days after the trial court's initial entry of judgment.  Because we conclude that the motion did not meet those requirements, we must dismiss this appeal.   

I. BACKGROUND

R&G is a company engaged in the excavation and water and sewer distribution business.  Defendant, Midwest Region Foundation for Fair Contracting, Inc. (Midwest Region), is a nonprofit corporation that monitors work sites for compliance with relevant federal and state labor laws. 

In December 2001, R&G filed a complaint against Midwest Region, alleging, in pertinent part, that (1) Midwest Region monitored R&G's work sites using certain methods, such as video recording, still photography, and audio recording; (2) Midwest Region monitored R&G's work sites to gather certain information regarding the activities, affiliations, and transactions of R&G, its agents, and its employees; and (3) Midwest Region was acting as an unlicensed private detective under the Private Detective, Private Alarm, Private Security, and Locksmith Act of 1993 (Act) (225 ILCS 446/1 through 299 (West 2000)).  R&G requested that the trial court enjoin Midwest Region from monitoring R&G's work sites.

In July 2003, R&G filed a motion for leave to file an amended complaint, which the trial court later granted.  R&G's August 2003 amended complaint more closely tracked the language of the Act and further alleged that Midwest Region engaged in the business of private investigation for fees or other valuable consideration.  

In September 2003, Midwest Region filed a motion to dismiss R&G's amended complaint, pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2002)).  Midwest Region argued that the Act, as construed and applied by R&G, (1) is unconstitutionally overbroad, (2) is void for vagueness, (3) improperly frustrates federal congressional intent, and (4) improperly usurps the role of the Illinois Department of Professional Regulation.       

Following a hearing, on September 25, 2003, the trial court entered a docket order, which stated, in its entirety, as follows:  

"[Midwest Region's] [s]econd [m]otion to dismiss argued and granted.  Court treats motion as [a motion for j]udgment on the [p]leadings.  Said ruling is final and appealable.  CLERK DIRECTED to send a copy of this docket entry to [the parties' attorneys]." 

On October 10, 2003, R&G filed a document entitled, "Motion for Clarification."  The body of that document read, in its entirety, as follows:

"NOW COMES [R&G], by and through its attorneys, GATES, WISE, & SCHLOSSER, P.C., and for its [m]otion for [c]larification, states as follows:

1.  This [c]ourt's docket entry of September 25, 2003, granted [Midwest Region's] [s]econd [m]otion to [d]ismiss.  The [c]ourt's docket entry stated that the [c]ourt was treating the motion as a [motion for j]udgment on the [p]leadings.

2.  [Midwest Region's] [s]econd [m]otion to [d]ismiss raised at least four different arguments:  (1) [Midwest Region] argued that the Act, as construed and applied by [R&G], is unconstitutionally overbroad; (2) [Midwest Region] argued that the Act, as construed and applied by [R&G], is unconstitutionally vague; (3) [Midwest Region] argued that the Act, as construed and applied by [R&G], frustrates the [c]ongressional intent of federal labor law; and (4) [Midwest Region] argued that the Act, as construed and applied by [R&G], improperly usurps the role of the Illinois Department of Professional Regulation.

3.  It is not clear from the [c]ourt's [o]rder whether the [c]ourt granted the [m]otion to [d]ismiss based on argument[] 1, 2, 3, or 4 as set out above.  In the event an appeal is deemed advisable, the legal basis of the final order will be critical.

WHEREFORE, [R&G] requests that this [c]ourt clarify its September 25, 2003, [o]rder to resolve the uncertainty described above." 

Later in October 2003, the court conducted a hearing, and its docket entry shows it granted R&G's motion.  In that same docket entry, the court also ordered R&G to "submit a proposed order to clarify the issues for appeal."  R&G apparently complied, and on November 4, 2003, the court entered a written order, which stated, in its entirety, as follows:  

"For all of the reasons argued by [Midwest Region in its September 2003] [m]otion to [d]ismiss, [Midwest Region's] [m]otion is [g]ranted.  The [c]ourt treats the [m]otion as a [motion for] a [j]udgment on the [p]leadings.  Said ruling is final and appealable."  

On November 5, 2003, R&G filed a notice of appeal.

II. APPELLATE JURISDICTION

Midwest Region has moved to dismiss R&G's appeal, arguing that (1) this court lacks jurisdiction because R&G's motion for clarification did not constitute a postjudgment motion under Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)) or section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2002)), and therefore, (2) R&G's November 5, 2003, notice of appeal was not timely filed within 30 days of the entry of the trial court's September 25, 2003, judgment, as required by Rule 303(a) (155 Ill. 2d R. 303(a)).  We agree and conclude that this appeal must be dismissed.

Supreme Court Rule 303(a)(1), which governs appeals from final judgments in civil cases, states, in pertinent part, as follows:

"(1) *** [T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of final judgment appealed from, or, if a timely post[]trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post[]judgment motion."  155 Ill. 2d R. 303(a)(1).  

In addition, section 2-1203(a) of the Code, which governs postjudgment motions in nonjury cases, provides as follows:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment[,] or to vacate the judgment[,] or for other relief."  735 ILCS 5/2-1203(a) (West 2002).

Our supreme court has held that the "other relief" referred to in section 2-1203(a) must be similar in nature to the other forms of relief specified in that section.  
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 461, 563 N.E.2d 459, 461 (1990).   

"[T]he character of a motion should be determined from its content, and a court is not bound by the title of a document given by a party."  
Savage v. Mui Pho
, 312 Ill. App. 3d 553, 559, 727 N.E.2d 1052, 1057 (2000).  Thus, a court should examine the substance of a document to determine how it should treat the document.  
Silverstein v. Brander
, 317 Ill. App. 3d 1000, 1005, 740 N.E.2d 357, 360-61 (2000).   

R&G relies on this court's decision in 
Knapp v. City of Decatur
, 160 Ill. App. 3d 498, 503, 513 N.E.2d 534, 536 (1987), to support its position that the motion to clarify constituted a postjudgment motion.  For the reasons that follow, we overrule 
Knapp
.  

In 
Knapp
, this court concluded that a "motion for findings" constituted a postjudgment motion under section 2-1203(a) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-1203(a) (now 735 ILCS 5/2-1203(a) (West 2002))).  In that case, the plaintiffs filed a complaint against the defendants for injuries suffered by one of the plaintiffs.  The defendants filed motions to dismiss the plaintiffs' complaint.  In May 1986, the trial court granted the motions and allowed the plaintiffs to file an amended complaint within 21 days.  The plaintiffs did not do so but later requested leave to file an amended complaint.  The court later granted the plaintiffs leave to file an amended complaint.  The defendants filed motions to dismiss the amended complaint for failing to allege a duty.  On November 7, 1986, the trial court granted the motions to dismiss in a docket entry, which provided as follows:  "'Arguments having been heard on [m]otions to [d]ismiss, finding plaintiff [
sic
] has failed to state a cause of action.  Plaintiff's [
sic
] complaint dismissed.  Cause ordered stricken.'"  
Knapp
, 160 Ill. App. 3d at 501, 513 N.E.2d at 535.   

The plaintiffs then filed a document entitled "Motion for Findings," in which they requested that the trial court indicate whether (1) the court had granted the plaintiffs' motion for leave to file an amended complaint, (2) their first amended complaint had been filed, (3) the court had dismissed the original complaint or amended complaint, and (4) the court dismissed the cause with prejudice.  Following a hearing on the plaintiffs' motion, the court entered a docket entry, which stated, in pertinent part, as follows:  "'Finding leave was granted to file amended complaint and that arguments heard were addressed to that amended complaint.  Finding the cause was dismissed with prejudice.'"  
Knapp
, 160 Ill. App. 3d at 501, 513 N.E.2d at 536.  

On appeal, this court concluded that the plaintiffs' motion for findings, which "requested certain specific findings not stated by the court in the November 7 ruling," qualified as a postjudgment motion under section 2-1203 of the Code.  
Knapp
, 160 Ill. App. 3d at 503, 513 N.E.2d at 537.  In so concluding, we reasoned that the motion for findings constituted a motion for "other relief" similar to a motion to modify judgment because the motion effectively requested a change in the original judgment "to reflect the actual action taken."  
Knapp
, 160 Ill. App. 3d at 503, 513 N.E.2d at 537. 

Upon further reflection, we conclude that the "motion for findings" in 
Knapp
 was not directed against the trial court's November 7, 1986, judgment and did not seek a modification of that judgment.  Instead, it appears the plaintiffs were merely requesting that the court put in writing and make explicit certain "findings" that were already encompassed by the November 7, 1986, docket entry.  For instance, the record in 
Knapp
 clearly indicated that (1) the trial court had already (a) dismissed the plaintiffs' initial complaint and (b) granted the plaintiffs leave to file an amended complaint; (2) the plaintiffs' amended complaint had been filed; and (3) the defendants' second motions to dismiss addressed the amended complaint.  In addition, the language of the November 7, 1986, docket entry suggested that the cause was dismissed with prejudice.  See 
Knapp
, 160 Ill. App. 3d at 501, 513 N.E.2d at 535-36.  Thus, no real question existed as to the actual action the court had taken.  Accordingly, the plaintiffs' motion for findings did not seek "other relief" similar to a modification of the judgment.  See 
Hayes Machinery Movers, Inc. v. REO Movers & Van Lines, Inc.
, 338 Ill. App. 3d 443, 446-47, 788 N.E.2d 259, 261-62 (2003) (disagreeing with 
Knapp
).   

In this case, R&G's motion to clarify the trial court's September 25, 2003, order was not a "motion directed against the judgment" under Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)).  The motion obviously did not challenge the court's judgment.  Instead, the motion requested only that the court provide the legal basis or bases for its order dismissing R&G's amended complaint.    
 In addition, as R&G conceded at oral argument, its motion to clarify did not explicitly request a rehearing, a retrial, or an order vacating the trial court's September 25, 2003, order.  Nor did the motion request "other relief" similar in nature to those forms of relief.  R&G's request that the court provide the legal basis or bases for its order dismissing the amended complaint is clearly not similar to a request that the court grant a rehearing or a retrial or that the court vacate its prior judgment. 

Further, R&G's motion to clarify does not constitute a request for modification of the trial court's September 25, 2003, judgment or "other relief" similar to a request to modify that judgment.  To modify an item is to change it.  Webster's Third New International Dictionary 1452 (1981); 
Hayes
, 338 Ill. App. 3d at 446-47, 788 N.E.2d at 261.  R&G's motion did not seek a change in the court's September 25, 2003, order.  Instead, as noted above, the motion requested only that the court provide the legal basis or bases for its order dismissing R&G's amended complaint.  See 
Hayes
, 338 Ill. App. 3d at 446, 788 N.E.2d at 261 ("A motion which merely requests that the court articulate the findings of fact and law upon which its prior judgment is predicated does not request a change in the judgment").  Simply stated, regardless of the court's decision on R&G's motion to clarify, the court's judgment dismissing the amended complaint would remain unchanged.

Thus, having examined the content of R&G's motion to clarify, we conclude that it (1) is not directed against the judgment, pursuant to Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)) and (2) does not constitute a postjudgment motion under section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2002)).  Accordingly, we must dismiss this appeal for lack of jurisdiction because R&G's November 5, 2003, notice of appeal was not timely filed within 30 days of the entry of the trial court's September 25, 2003, judgment.  

In support of this conclusion, we note that R&G's interpretation of Rule 303(a)(1) would effectively amend that rule by deleting an important phrase--namely, "directed against the judgment" (155 Ill. 2d R. 303(a)(1)).  Rule 303(a)(1) requires a notice of appeal to be filed within 30 days of the entry of final judgment unless "a timely post[]trial motion 
directed
 
against
 
the
 
judgment
 is filed" (emphasis added) (155 Ill. 2d R. 303(a)(1)).  R&G's interpretation would render 
any
 posttrial motion sufficient to comply with the requirements of Rule 303(a)(1), regardless of whether that motion was "directed against the judgment."  However, we must accept the supreme court rules as written, and we lack the authority to read out of them--in the guise of interpretation--important qualifying phrases.

We express some sympathy for R&G's position.  In that regard, we reaffirm what this court wrote in 
Sizer v. Lotus Grain & Coal Co.
, 70 Ill. App. 3d 739, 741-42, 388 N.E.2d 1274, 1276-77 (1979):

"Here, the [party's] counsel was faced with a situation where the trial court disposed of the post[]trial motion (and the motion for directed verdicts) with a docket entry of less than three full sentences.  At that point, counsel was faced with deciding whether or not to undergo the time, effort, and expense of appeal, without a scintilla of guidance as to the basis or reasons for the trial court's ruling.  If counsel decided to pursue an appeal, he would then be compelled to take shots in the dark--to speculate on the legal theories or concepts to rely upon before this court.

Only a portion of the vitality of our system of jurisprudence is derived from the competence and ability of our trial courts.  The rest comes from the faith and respect of those--be they attorneys or litigants--who are involved in our adversarial system.  The law as it is applied must be relied upon, and the attorney, much less the common man, cannot do so when the reasons for a trial court's ruling are hidden from inspection by the public or the scrutiny of an appellate court.  It is true that trial courts are not required to state the reasons for their rulings, more's the pity.  If they were, not only would it dissipate the need for a large number of appeals, but it would also help alleviate any potential scepticism of the judiciary's actions."

We note that since 
Sizer
, we have--in a case in which we had jurisdiction--vacated a dismissal order where the trial court gave no explanation for its ruling when presented with 10 possible grounds. 
 
Muck v. Van Bibber
, 223 Ill. App. 3d 830, 836, 585 N.E.2d 1147, 1152 (1992).  In 
Muck
, 223 Ill. App. 3d at 835-36, 585 N.E.2d at 1151-52, we discussed the difficulty faced by a reviewing court when the trial court provides no rationale for its ruling.  A reviewing court must expend its time (and waste limited judicial resources) when forced to consider each potential basis for a trial court's ruling.  We thus once again urge trial courts to state with clarity not only what action they are taking but why they are taking it.

Notwithstanding our sympathy for R&G's plight, we caution parties to be extremely careful in drafting postjudgment motions so as to avoid losing the ability to appeal by filing motions that (1) are not directed against the judgment under Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)) and (2) do not constitute postjudgment motions under section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2002)).  This court has no choice but to dismiss appeals when we lack jurisdiction.  See
 
Department of Central Management Services v. American Federation of State, County & Municipal Employees
, 182 Ill. 2d 234, 238, 695 N.E.2d 444, 446 (1998) (reviewing courts have an independent duty to ensure that appellate jurisdiction is proper and must dismiss the appeal if jurisdiction is lacking); see also 
Bell v. Hill
, 271 Ill. App. 3d 224, 227, 648 N.E.2d 170, 172 (1995) ("It is incumbent upon an appellate court to dismiss an appeal where jurisdiction is lacking").  However, as discussed above, once we possess jurisdiction, we have the authority to vacate a trial court's order when that court provides no rationale for its ruling.  Indeed, had R&G timely filed an appeal from the September 25, 2003, order of dismissal, thereby vesting this court with jurisdiction, we may very well have taken the same action we did in 
Muck
--namely, vacating the order of dismissal and remanding for an explanation of the basis or bases thereof.

As a final matter, we recognize that this decision reasonably could be criticized for setting up a situation in which all counsel need do to avoid the jurisdictional hurdle at issue here is to add a tag line to the motion to clarify requesting a rehearing.  Nonetheless, we conclude that dismissal of this appeal is required by the plain language of Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)) and section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2002)).   

III. CONCLUSION

For the reasons stated, we dismiss R&G's appeal.

Appeal dismissed.

KNECHT, P.J., and TURNER, J., concur.