*In re* MARRIAGE OF ROICE A. McELWEE, Petitioner-Appellant, and CAROL A. McELWEE, Respondent-Appellee.

Fifth District   No. 5—91—0336

Opinion filed July 2, 1992.

Gerald D. Owens, of Benton, for appellant.

Law Office of Mark A. Atkins, of Red Bud, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Roice A. McElwee, appeals from an order of the circuit court of Franklin County which allowed respondent, Carol A. McElwee, to proceed with a nonwage garnishment under section 12—701 *et seq.* of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 12—701 *et seq.*), to satisfy a Tennessee judgment registered in Illinois pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1989, ch. 110, pars. 12—601 through 12—617). For the reasons which follow, the appeal must be dismissed.

The record before us shows that respondent sued petitioner for divorce in the circuit court of Carter County, Tennessee. While that divorce action was pending, petitioner filed a parallel action for dissolution of marriage in the circuit court of Franklin County, Illinois. The Tennessee action was the first to reach judgment. In its judgment, the Tennessee circuit court granted respondent her divorce, gave her custody of the parties' minor child, awarded her child support and "periodic alimony," and distributed the parties' marital property. That dis-

tribution included, among other things, a judgment in favor of respondent for $100,000, representing respondent's marital interest in a drag strip located in Franklin County, Illinois.

Petitioner appealed the Tennessee judgment to that State's court of appeals, which found that the Tennessee circuit court had lacked jurisdiction to make a determination as to custody of the parties' child. Based on this finding, the court of appeals set aside that portion of the circuit court's judgment awarding custody of the child to respondent. In all other respects, however, including the $100,000 judgment in favor of respondent, the circuit court's judgment was affirmed.

Shortly thereafter, respondent filed a petition in the circuit court of Franklin County, Illinois, to register the Tennessee judgment in this State pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1989, ch. 110, pars. 12—601 through 12—617). The petition was filed in the context of petitioner's pending dissolution action, rather than as a separate proceeding. Although respondent was initially unsuccessful in serving a copy of the petition on petitioner himself, the petition was served on petitioner's counsel of record in the dissolution proceeding. There is no question that the petition satisfied the technical requirements of section 12—603 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1989, ch. 110, par. 12—603), and by the express terms of that statute, the filing of the petition constituted registration of the Tennessee judgment.

The filing date of the petition was October 19, 1987. Approximately five months later, on March 14, 1988, the circuit court of Franklin County entered an order formally declaring that the Tennessee judgment should be registered in Illinois and that it was "entitled to enforcement as would any other Judgment [sic]" rendered within this State. Petitioner moved to have this order set aside on the grounds that the registration petition had never been properly served on him. Respondent, for her part, did not dispute that she had yet to serve the registration petition upon petitioner himself, but claimed that such service was unnecessary. Because the registration petition was filed in the context of the pending dissolution action, she argued that the service she had made on petitioner's attorney should suffice. See 134 Ill. 2d R. 11(a).

At the same time respondent advanced this argument, she also took the precaution of having a new summons issued in connection with the registration petition. This time service was successful, and petitioner was personally served with the petition on April 14, 1988.

When that happened, petitioner filed what he denominated as a "motion to strike" the petition. This motion, unlike petitioner's motion to set aside, raised no procedural objections to the petition itself. Rather, it sought to collaterally attack the underlying Tennessee judgment on the grounds that the Tennessee court had acted without having either personal or subject matter jurisdiction.

In an order dated June 1, 1988, the circuit court of Franklin County refused to disturb its prior order registering the judgment. Respondent then filed an affidavit for nonwage garnishment (see Ill. Rev. Stat. 1989, ch. 110, par. 12—701) requesting that summons issue against United Illinois Bank as garnishee. The judgment debt specified in the affidavit was the $100,000 awarded to respondent by the Tennessee circuit court as her share of the drag strip located in Franklin County.

Petitioner moved to have this garnishment proceeding dismissed, and on July 28, 1988, dismissal was granted. The basis for the court's decision was that respondent had failed to pay the "statutory filing fee required" when the petition to register the Tennessee judgment was filed. The court reasoned that without such a fee, the purported filing was ineffective, and without a validly filed petition, the predicate for the garnishment was eliminated.

Respondent promptly moved for reconsideration, pointing out, among other things, that there is no "statutory fee" for filing petitions to register foreign judgments. Almost simultaneously, however, petitioner filed a notice of appeal. Why he appealed when the order was in his favor is not clear, but in any case, the appeal was dismissed by this court on July 24, 1990, due to the pendency of the motion to reconsider. (See Supreme Court Rule 303(a)(2) (134 Ill. 2d R. 303(a)(2).) Following remand, the motion to reconsider was granted. In an order filed April 18, 1991, the circuit court reversed its previous order of July 28, 1988, dismissing the garnishment and found that "the garnishment proceeding in question was valid." Petitioner has now appealed once again.

In challenging the circuit court's decision to allow the garnishment to go forward, petitioner has focused his attack on the validity of that court's March 14, 1988, order formally registering the Tennessee judgment. Petitioner argues that the March 14 order could not operate as a "final judgment" of the circuit court of Franklin County within the meaning of section 12—607 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1989, ch. 110, par. 12—607) and was therefore not subject to supplementary proceedings such as a nonwage garnishment pursuant to section 12—701 of the Code of

Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 12—701), because he had not yet been personally served with the registration petition at the time the order was issued.

■■ A threshold defect in this argument is that the respondent's right to initiate a nonwage garnishment was not dependent on the March 14 order. Even if that order were unenforceable for want of personal jurisdiction, the Tennessee judgment registered by respondent nevertheless constituted a valid, binding and enforceable "final judgment" of the circuit court of Franklin County by the time the garnishment commenced. This is so by virtue of section 12—607 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1989, ch. 110, par. 12—607), which states that a registered judgment becomes a final judgment of the Illinois court, binding personally on the judgment debtor,

> "[i]f after personal service of process upon him or her within this State the judgment debtor fails to plead within the time specified in the summons served upon him or her, or in any event within 30 days after jurisdiction of the person of the judgment debtor has been obtained, or if the court after hearing has refused to set aside the registration ***." (Ill. Rev. Stat. 1989, ch. 110, par. 12—607.)

Here, the record plainly established that following entry of the March 14 order, respondent did accomplish service of process on petitioner with respect to the registration petition, and the Franklin County circuit court did thereafter refuse to set aside the registration after hearing petitioner's objections to it. The requirements of the statute were thus satisfied.

■■ Although the Franklin County circuit court did not then issue a second formal ruling that the Tennessee judgment would constitute a final judgment of that court, such a ruling is nowhere required in the statute as a precondition of enforcement. To bring nonwage garnishment proceedings in Illinois to enforce the judgment of a sister State, a party need not even meet the foregoing requirements of section 12—607 of the Act (Ill. Rev. Stat. 1989, ch. 110, par. 12—607). Rather, he is entitled to initiate a nonwage garnishment proceeding as soon as the foreign judgment is registered. (*Morrow v. Westphal* (1988), 167 Ill. App. 3d 433, 437-38, 521 N.E.2d 283, 286.) By statute, a foreign judgment is registered at the time a petition for registration is filed. (Ill. Rev. Stat. 1989, ch. 110, par. 12—603.) As we have indicated, respondent filed her petition for registration in this case in October of 1987, well before the statutory garnishment commenced.

The absence of personal service on petitioner at the time the March 14 order was issued is therefore of no consequence. Despite this conclusion, we are constrained to find that we cannot now proceed with consideration of the propriety of the Franklin County circuit court's April 18, 1991, order allowing the respondent to proceed with her nonwage garnishment. The reason is that it is not an appealable order.

■■ ■ Garnishment proceedings under section 12—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 12—701 *et seq.*) are regarded as "supplementary proceedings" within the meaning of section 2—1402 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1402). Appeals in such proceedings are governed by Supreme Court Rule 304(b)(4) (134 Ill. 2d R. 304(b)(4)) (*Peter Fischer Import Motors, Inc. v. Buckley* (1984), 121 Ill. App. 3d 906, 910, 460 N.E.2d 346, 350), which provides that a "final judgment or order entered in a proceeding under section 2—1402 of the Code of Civil Procedure [Ill. Rev. Stat. 1989, ch. 110, par. 2—1402]" is appealable without the need for an express finding that there is no just reason for delaying enforcement or appeal. Although, as we have discussed, the underlying Tennessee judgment is "final," that is not enough. What is essential for purposes of Rule 304(b)(4) (134 Ill. 2d R. 304(b)(4)) is that there be finality with respect to the supplemental garnishment proceeding. We fail to see how the circuit court's April 18 order can be regarded as possessing such finality. It did not operate to terminate any part of the garnishment. Rather, its effect was simply to allow that garnishment to go forward. In other words, it merely placed the parties at the beginning of the garnishment process, not the end, and there are many additional procedural safeguards which must be followed before respondent will be in a position where she can actually collect the judgment debt out of the subject property.

Lacking a "final judgment" within the meaning of Rule 304(b)(4) (134 Ill. 2d R. 304(b)(4)), we have no jurisdiction. This appeal is therefore dismissed.

Appeal dismissed.

GOLDENHERSH, P.J., and WELCH, J., concur.