THIRD DIVISION
May 7, 2008

No. 1-08-0140

| | | |
|---|---|---|
| MARY CARR D'AGOSTINO and | ) | Appeal from the |
| MARIO D'AGOSTINO, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiffs and Counterdefendants-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL W. LYNCH, MICHIGAN AVENUE | ) | |
| PARTNERS, LLC, and MICHIGAN AVENUE | ) | |
| PARTNERS, INC., | ) | |
| | ) | |
| Defendants and Counterplaintiffs, and | ) | No. 98 CH 11007 |
| Third-Party Plaintiffs | ) | |
| | ) | |
| (Dominic Forte, | ) | |
| | ) | |
| Third-Party Defendant; | ) | |
| | ) | |
| Eugene E. Murphy, Jr., and Bryan Cave, LLP, | ) | Honorable |
| | ) | Alexander P. White, |
| Citation Respondents-Appellees). | ) | Judge Presiding. |

JUSTICE THEIS delivered the opinion of the court:

Plaintiffs and counterdefendants Mary Carr D'Agostino and Mario D'Agostino (the D'Agostinos) appeal from the order of the circuit court denying their motion for turnover against third-party citation respondents Eugene E. Murphy, Jr., and Bryan Cave, LLP. Murphy and Bryan Cave have filed a motion to dismiss this appeal for lack of jurisdiction, contending that the D'Agostinos failed to timely appeal from the denial of turnover order. For the following reasons, we agree and dismiss the appeal.

This case has been before this court on appeal multiple times. The following is its sordid procedural history. The D'Agostinos commenced suit against Lynch and his real estate corporations, Michigan Avenue Partners, LLC, and Michigan Avenue Partners, Inc., to enforce three promissory notes, which memorialized loans for hundreds of thousands of dollars they had

made to defendants. Defendants countersued, claiming that the notes were actually part of a broader, oral funding agreement which the D'Agostinos, rather than defendants, had breached by not loaning them additional funds. Defendants also sued Lynch's former business partner, Dominic Forte, who also happened to be Mario's cousin, for breach of fiduciary duty.

On Forte's motion, the circuit court dismissed defendants' third-party complaint. We affirmed that dismissal, finding that defendants had failed to satisfy Illinois' fact-pleading standard. D'Agostino v. Lynch, No. 1-03-2786 (2005) (unpublished order under Supreme Court Rule 23).

The D'Agostinos were successful on summary judgment in the remainder of the suit. We affirmed the grant of summary judgment, finding that there was no agreement to lend money other than what had been memorialized in the promissory notes. D'Agostino v. Lynch, No. 1-03-2786 (2005) (unpublished order under Supreme Court Rule 23).

On August 14, 2003, the circuit court thus entered judgment in favor of the D'Agostinos and against defendants in the amount of $1,805,651. Shortly thereafter, the D'Agostinos commenced supplementary proceedings to collect the judgment pursuant to section 2-1402 of the Code of Civil Procedure (735 ILCS 5/2-1402 (West 2006)). However, to date, the D'Agostinos have been able to collect only a fraction of the judgment.

The day before hearing was scheduled on the D'Agostinos' motion to compel Lynch to turnover certain proceeds he had recently received, Lynch declared personal bankruptcy. Lynch eventually voluntarily dismissed the bankruptcy petition.

When collection proceedings resumed, Lynch was held in direct criminal contempt for filing a motion for substitution of judge in which he claimed that Circuit Court Judge Alexander White had been bribed by the D'Agostinos and their counsel, who he further claimed were members of an Italian crime syndicate. The motion was heard by another circuit court judge,

who found the allegations to be unsubstantiated and false. We recently affirmed the contempt order, finding that Lynch's actions constituted a threat to the administration of justice and served to thwart the D'Agostinos in their efforts to collect the judgment. D'Agostino v. Lynch, No. 1-06-3026 (April 2, 2008).

Thereafter, the D'Agostinos issued citations to Murphy and Bryan Cave, who had represented Lynch for a period of time. The D'Agostinos believed that Lynch had given them funds in an effort to avoid payment of the judgment. Subsequently, the D'Agostinos filed a motion to compel Murphy and Bryan Cave to turn over the funds. On November 7, 2007, the circuit court denied the motion, finding that although the circumstances surrounding the funds and their disbursement were questionable, it could not compel turnover because Murphy and Bryan Cave were no longer in possession of the funds by the time the D'Agostinos sought them.

On December 5, 2007, the D'Agostinos filed a "Motion to Amend Memorandum Decision and Judgment." Therein, the D'Agostinos explained that another petition for turnover and a petition for rule to show cause against Lynch still remained pending. Therefore, they requested a finding pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) that there was no just reason for delaying enforcement or appeal of the November 7, 2007, order.

On December 12, 2007, the circuit court granted the D'Agostinos' motion to amend and entered the Rule 304(a) finding. Thereafter, on January 10, 2008, the D'Agostinos filed a notice of appeal from that order and the November 7, 2007, order.[1]

Murphy and Bryan Cave now move to dismiss this appeal. They contend that the November 7, 2007, order was a final order in a section 2-1402 proceeding and that, therefore, under Rule 304(b)(4), it was immediately appealable without a special finding. 210 Ill. 2d R. 304(b)(4). We agree.

---

[1]Neither the defendants nor Forte are parties to this appeal.

Generally, appellate jurisdiction exists only to review final orders. <u>Niccum v. Botti, Marinaccio, Desalvo & Tameling, Ltd.</u>, 182 Ill. 2d 6, 7, 694 N.E.2d 562, 563 (1998); <u>Weiss v. Waterhouse Securities, Inc.</u>, 335 Ill. App. 3d 875, 880, 781 N.E.2d 1105, 1109 (2002). An order is said to be final if it " ' "disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof," ' " such as a claim in a civil case. <u>In re Estate of French</u>, 166 Ill. 2d 95, 101, 651 N.E.2d 1125, 1128 (1995), quoting <u>Treece v. Shawnee Community Unit School District No. 84</u>, 39 Ill. 2d 136, 139, 233 N.E.2d 549 (1968), quoting <u>Village of Niles v. Szczesny</u>, 13 Ill. 2d 45, 48, 147 N.E.2d 371 (1958).

Supreme Court Rule 304(a) provides that a trial court can make a final order in a case involving multiple parties and/or multiple claims immediately appealable by entering an express finding that there is no just reason for delaying enforcement or appeal. 210 Ill. 2d R. 304(a); <u>Baldassone v. Gorzelanczyk</u>, 282 Ill. App. 3d 330, 334, 667 N.E.2d 639, 642 (1996). However, Rule 304(b) makes certain specific types of final orders that do not dispose of an entire proceeding immediately appealable *without* a special finding. 210 Ill. 2d R. 304(b). One of the types of orders that is immediately appealable without a special finding is a final order in a section 2-1402 collection proceeding. 210 Ill. 2d R. 304(b)(4).

An order in a section 2-1402 proceeding is said to be final when the citation petitioner is in a position to collect against the judgment debtor or a third party, or the citation petitioner has been ultimately foreclosed from doing so. <u>In re Estate of Yucis</u>, No. 2-06-1225, slip op. at 9-10 (February 26, 2008); <u>In re Marriage of McElwee</u>, 230 Ill. App. 3d 714, 719, 569 N.E.2d 1273, 741-42 (1992). Here, the order in question foreclosed the D'Agostinos from collecting the funds in question from Murphy and Bryan Cave. Therefore, it was final and immediately appealable under Rule 304(b)(4). See <u>Levaccare v. Levaccare</u>, 376 Ill. App. 3d 503, 511, 876 N.E.2d 280, 288 (2007) (explaining that citation orders directing third-party financial institutions to liquidate

assets owed by the judgment debtor to satisfy the judgment were immediately appealable under Rule 304(b)(4), even though section 2-1402 supplemental proceedings and a rule to show cause remained pending against the judgment debtor at the time). Because the D'Agostinos failed to file a notice of appeal from the November 7, 2007 order within 30 days, this court is without jurisdiction to review the order. Busey Bank v. Salyards, 304 Ill. App. 3d 214, 218, 711 N.E.2d 10, 14 (1999).

Nevertheless, the D'Agostinos claim that their December 5, 2007, "Motion to Amend Memorandum Decision and Judgment" was a postjudgment motion pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2006)), which had the effect of tolling the finality and appealability of the turnover judgment pending its disposition. We disagree.

Ordinarily, jurisdiction is conferred upon this court by the filing of a notice of appeal within 30 days of the entry of the final judgment from which the appeal is taken. Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007; In re Application of the County Treasurer, 214 Ill. 2d 253, 261, 824 N.E.2d 614, 618 (2005). However, Supreme Court Rule 303(a)(1) provides that if a timely postjudgment motion is filed, then the time in which to file a notice of appeal is tolled, and the appealing party must then file a notice of appeal "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007; Application of County Treasurer, 214 Ill. 2d at 261, 824 N.E.2d at 618.

In order for a postjudgment motion to have the effect of tolling the time in which to appeal the judgment, that motion must be "directed against the judgment." Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007; Marsh v. Evangelical Covenant Church, 138 Ill. 2d 458, 462, 563 N.E.2d 459, 462 (1990); Lewis v. Loyola University

1-08-0140

Chicago, 149 Ill. App. 3d 88, 92, 500 N.E.2d 47, 49 (1986). A motion is said to be directed against the judgment when it attacks the judgment in one of the statutorily authorized ways, which include by requesting rehearing, retrial, modification, or vacation of the judgment. 735 ILCS 5/2-1203 (West 2006); Marsh, 138 Ill. 2d at 461, 563 N.E.2d at 461; Lewis, 149 Ill. App. 3d at 92, 500 N.E.2d at 49. The party may also request "other relief" so long as that motion requests a change in the reasons underlying the judgment along the lines of the enumerated forms of relief. Marsh, 138 Ill. 2d at 462, 563 N.E.2d at 461; Hayes Machinery Movers, Inc. v. REO Movers & Van Lines, Inc., 338 Ill. App. 3d 443, 446, 788 N.E.2d 259, 261 (2003).

Here, the D'Agostino's "Motion to Amend Memorandum Decision and Judgment" does not attack the judgment or its underlying rationale but, rather, accepts it and requests a Rule 304(a) finding. However, a Rule 304(a) finding was not necessary because of Rule 304(b)(4). 210 Ill. 2d R. 304(b)(4); Estate of Yucis, slip op. at 10 n.2. Therefore, it did not have the effect of tolling the time in which to appeal. See, e.g., Hayes Machinery Movers, 338 Ill. App. 3d at 445-47, 788 N.E.2d at 260-62 (holding that motion accepting judgment but requesting findings of fact and conclusions of law was not directed against the judgment).

We accordingly dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

QUINN, P.J., and GREIMAN, J., concur.

6

_____

**MARY CARR D'AGOSTINO and**
**MARIO D'AGOSTINO,**

        **Plaintiffs and Counterdefendants-Appellees,**

    **v.**

**MICHAEL W. LYNCH, MICHIGAN AVENUE PARTNERS, LLC, and MICHIGAN AVENUE PARTNERS, INC.,**

        **Defendants and Counterplaintiffs and**
        **Third-Party Plaintiffs**

**(Dominic Forte,**

        **Third-Party Defendant;**

**Eugene E. Murphy, Jr., and Bryan Cave, LLP,**

        **Citation Respondents-Appellees).**

_____

**No. 1-08-0140**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: May 7, 2008**
_____

**JUSTICE THEIS delivered the opinion of the court.**

**Quinn, P.J., and Greiman, J., concur.**
_____

**Appeal from the Circuit Court of Cook County**
**Honorable Alexander P. White, Judge Presiding**
_____

| | |
|---|---|
| For PLAINTIFFS-<br>APPELLANTS | Michael A. Braun<br>Lee M. Weisz<br>33 N. Dearborn St., Suite 500<br>Chicago, IL 60602 |
| For CITATION<br>RESPONDENTS-<br>APPELLEES | John N. Hourihane, Jr.<br>Murphy & Hourihane, LLC<br>77 W. Wacker Dr., Suite 4800<br>Chicago, IL 60601 |