FIRST DIVISION
March 14, 2016

No. 1-15-1446
2016 IL App (1st) 151446

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| NATIONAL LIFE REAL ESTATE HOLDINGS, LLC, | ) ) ) | |
| Plaintiff-Appellant, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| v. | ) ) | No. 10 CH 36838 |
| INTERNATIONAL BANK OF CHICAGO, | ) ) | Honorable |
| Citation Respondent-Appellee | ) ) | Alexander White, Judge Presiding. |
| and | ) ) | |
| (Ronald S. Scarlato, Defendant). | ) | |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Liu and Justice Harris concurred in the judgment and opinion.

**OPINION**

¶ 1     This matter stems from a third-party citation to discover assets issued by the judgment creditor, National Life Real Estate Holdings, LLC (National Life) and directed against the citation respondent, International Bank of Chicago (IBC), regarding judgment debtor, Ronald S. Scarlato (Scarlato).  National Life appeals the circuit court's order, which denied its motion for entry of judgment against IBC based on an alleged violation of section 2-1402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1402 (West 2012)).  We find that this court does not have jurisdiction and dismiss.

¶ 2                                                    BACKGROUND

¶ 3     On either November 14, 2012 or November 28, 2012,[1] National Life obtained a judgment

in the amount of $3,424,228.97 against Scarlato and two limited liability corporations, jointly

and severally.  Subsequently, National Life initiated supplementary proceedings.  On April 12,

2013, National Life filed a third-party citation to discover assets directed to IBC.  The citation

was served via certified mail on April 13, 2013.  The citation that was served upon IBC

contained the following prohibitive provision:

> "[You are prohibited] from making or allowing any transfer or other disposition
>
> of, or interfering with, any property not exempt from execution or garnishment belonging
>
> to the judgment debtor or to which the judgment debtor may be entitled or which may be
>
> acquired by or become due to the judgment debtor and from paying over or otherwise
>
> disposing of any money not so exempt, which is due or becomes due to the judgment
>
> debtor, until further order of court or termination of the proceedings.  You are not
>
> required to withhold the payment of any money beyond double the amount of the
>
> judgment."

¶ 4     On August 1, 2013, Scarlato, Bellwood Place, LLC (BP), and Scarlato Holdings

Bellwood Place, LLC (SHBP) entered into a construction loan agreement and promissory note

with IBC wherein IBC agreed to loan $3.5 million to Scarlato, BP, and SHBP.  From August

---

[1]     It is unclear on which date the judgment at issue was actually entered.  The record contains a memorandum of judgment dated November 28, 2012, that stated that "[o]n November 14, 2012, judgment was entered in favor of [National Life] and against Division Street Place, LLC, Scarlato Holdings Division St. LLC[,] and Ronald S. Scarlato, jointly and severally, in the amount of [$3,424,228.97]."  However, a copy of a November 14, 2012, judgment is not contained in the record on appeal.  Rather, the record contains an order entered on November 14, 2012, that stated, "This cause coming before the court on [p]laintiff's [m]otion for [s]ummary [j]udgment, all parties noticed and the court fully advised[,] it is hereby ordered[:] ***All matters are entered and continued to November 28, 2012."  Additionally, the record contains an order dated November 28, 2012, that granted National Life's motion for summary judgment on counts two and three, and entered judgment in favor of National Life and against Division Street Place, LLC, Scarlato Holdings Division St. LLC, and Ronald S. Scarlato, jointly and severally in the amount of $3,424,228.97.  Further adding to the confusion is the fact that the court's April 15, 2015, ruling on the motion at issue also refers to judgment having been entered on November 14, 2012.

2013 to March 2014, IBC disbursed $3.5 million in loan proceeds to various third-parties. None of the loan proceeds were disbursed to Scarlato.

¶ 5    On July 18, 2014, National Life filed a motion for entry of judgment against IBC for violating the third-party citation to discover assets that was served on April 13, 2013. The motion sought judgment pursuant to section 2-1402 of the Code (*Id.*) and argued that IBC violated the prohibitive provision of the citation and the lien created thereby when it transferred $3.5 million in assets that belonged to Scarlato. On July 30, 2014, IBC filed its response and asserted that it never violated the citation because the loan proceeds never amounted to Scarlato's "property" as contemplated by the citation's prohibitive provision. National Life filed its reply on August 19, 2014, and the court held an evidentiary hearing on December 16, 2014.

¶ 6    The court set forth its ruling in a written memorandum decision and order that was entered on April 15, 2015. The court's order denied National Life's motion for entry of judgment against IBC, finding that the loan proceeds were not Scarlato's individually. Specifically, the court's order read, "[T]he checks clearly show the amounts were delivered to entities and not Scarlato individually. The [c]ourt recognizes the frustration in this matter. However, the parties do have remedies remaining."

¶ 7    National Life filed its timely notice of appeal on May 14, 2015.

¶ 8                                ANALYSIS

¶ 9    National Life contends that the sole issue on appeal is whether the court erred in ruling that IBC's issuance of a $3.5 million loan to Scarlato and subsequent disbursement of that loan's proceeds to various entities was not a violation of National Life's third-party citation to discover assets because the loan's proceeds were not paid to Scarlato. In response, IBC again[2] raises the

---

[2]    IBC previously filed a motion to dismiss National Life's appeal for lack of jurisdiction on August 6, 2015, that was denied without prejudice.

argument that this court does not have jurisdiction to review this appeal because the order from which National Life appeals was not final and appealable. We agree with IBC.

¶ 10    Even if IBC had not raised the jurisdictional issue, this court has an independent duty to consider our jurisdictional authority and dismiss the appeal where it is lacking. *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542 (2011). Illinois Supreme Court Rule 304(b)(4) (eff. Feb. 26, 2010) provides that "[a] final judgment or order entered in a proceeding under section 2-1402 of the Code" is appealable without the finding required for appeals under Rule 304(a). An order is said to be final if it "disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." (Internal quotation marks omitted.) *D'Agostino v. Lynch*, 382 Ill. App. 3d 639, 641-42 (2008). Section 2-1402 of the Code sets forth the rules regarding supplementary proceedings "for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment ***. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk." 735 ILCS 5/2-1402(a) (West 2012). "An order in a section 2-1402 proceeding is said to be final when the citation petitioner is in a position to collect against the judgment debtor or a third[-]party, or the citation petitioner has been ultimately foreclosed from doing so." *D'Agostino*, 382 Ill. App. 3d at 642.

¶ 11    In this case, the court's order that denied National Life's motion for entry of judgment did not contain Rule 304(a) language. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). As a result, we examine whether that order is appealable under Rule 304(b)(4). The order at issue here was entered in a section 2-1402 proceeding; thus, we must determine whether the court's order denying entry of judgment against IBC put National Life in a position to collect against IBC, or

whether National Life was ultimately foreclosed from doing so. *D'Agostino*, 382 Ill. App. 3d at 642.

¶ 12    It is pertinent to note that Illinois courts have recognized that " '[f]ew cases discuss which orders in supplementary proceedings are final orders.' " *PNC Bank, N.A. v. Hoffman*, 2015 IL App (2d) 141172, ¶ 24 (quoting *In re Estate of Yucis*, 382 Ill. App. 3d 1062, 1069 (2008)).  Of the cases that address the issue of final orders in supplementary proceedings, most do not involve orders similar to the one at issue here.  See *Id.* ¶ 27 (holding that order was a final judgment where it conclusively determined that a debtor was not entitled to damages for her claim that bank had wrongfully seized her independent retirement account); *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 26 (determining that order denying substitution of judge was not a final judgment under Rule 304(b)(4) because it did not put the plaintiff in a position to collect the judgment amount or direct the third-party respondents to turn over funds or substantively determine any of the parties' rights as to the merits of any claim in the postjudgment action); *Yucis*, 382 Ill. App. 3d at 1069 (finding that order directing the sheriff to conduct a sale of debtor's personal property was a final order because it "finally decide[d] the debtor's right to possess a given piece of property").

¶ 13    Although precedential guidance is limited, we find the circumstances of this case to be in line with *In re Marriage of McElwee*, 230 Ill. App. 3d 714, 719 (1992).  In *McElwee*, the court examined whether it had jurisdiction over a divorce petitioner's appeal of an order that allowed the divorce respondent's nonwage garnishment to go forward in order to collect a foreign judgment.  *Id.*  The case in *McElwee* involved a dissolution of marriage action filed by petitioner against respondent in Illinois after respondent had already filed a dissolution proceeding in Tennessee.  *Id.* at 715.  The Tennessee court distributed the couple's marital property, which

included, *inter alia*, a judgment in favor of respondent as a result of her interest in a drag strip. *Id.* at 715-16. Respondent subsequently filed a petition to register the foreign judgment in the pending dissolution action. *Id.* at 716. Seeking to collect her judgment, respondent filed an affidavit for nonwage garnishment, requesting that summons issue against a bank as garnishee. *Id.* at 717. Petitioner moved to dismiss the garnishment proceeding and his motion was granted. *Id.* However, the trial court granted respondent's motion to reconsider, finding the garnishment proceeding to be valid, and petitioner appealed. *Id.* Determining that it must dismiss the appeal for lack of jurisdiction, the court held,

"What is essential for purposes of Rule 304(b)(4) [citation] is that there be finality with respect to the supplemental garnishment proceeding. We fail to see how the circuit court's *** order can be regarded as possessing such finality. It did not operate to terminate any part of the garnishment. Rather, its effect was simply to allow that garnishment to go forward. In other words, it merely placed the parties at the beginning of the garnishment process, not at the end, and there are many additional procedural safeguards which must be followed before respondent will be in a position where she can actually collect the judgment debt out of the subject property." *Id.* at 719.

¶ 14   In this case, National Life brought a motion for entry of judgment against third-party citation respondent IBC. The court denied that motion in its April 15, 2015, order, which like the order in *McElwee*, simply allowed the supplementary proceeding to go forward and placed the parties at the beginning of the third-party citation proceedings, not the end. The order did not "ultimately foreclose" National Life from collecting against IBC or prohibit National Life from continuing with its citation efforts. It only denied the relief sought in National Life's motion. Additionally, the court's April 15, 2015, order stated "the parties do have remedies remaining."

Although it is unclear whether the court was referring to collection remedies in general or remedies specifically against National Life, either is accurate, because in addition to pursuing collection against Scarlato, National Life may still pursue collection against IBC or another third-party citation respondent.

¶ 15    National Life does not contest that its third-party citation to discover assets against IBC remains pending.  In support of its motion to dismiss this appeal that was filed on August 6, 2015, IBC attached a 49-page supporting record that included three orders entered by the court subsequent to the denial of National Life's motion for entry of judgment that all reflect that the third-party citation to discover assets issued to IBC remained pending as recently as July 15, 2015.  Specifically, the three orders were dated April 23, 2015, June 4, 2015, and July 15, 2015, and each stated, "[t]he [t]hird [p]arty [c]itations to [d]iscover [a]ssets issued to [IBC] *** are continued."  Further, in its response, IBC states, "[m]ost recently, on December 2, 2015, National [Life] conducted the citation examination of IBC's [p]resident, Frank Wang."  Thus, it is clear to this court that National Life's citation issued to IBC remains pending, and similar to *McElwee*, the order at issue here did not operate to terminate any part of the supplemental proceeding.  The order merely denied National Life's motion for entry of judgment against IBC.  National Life is still able to pursue its third-party citation against National Life, and continues to do so.

¶ 16    Here, the court's order did not dismiss National Life's citation against IBC.  Rather, the order denied National Life's motion for judgment based on the court's finding that the proceeds of the loan were not Scarlato's individually.  As stated above, National Life can continue and has continued to move forward with its citation against IBC.  The court's order did not ultimately foreclose National Life's collection efforts against IBC.  Therefore, we do not find that the finality contemplated by Rule 304(b)(4) is present in this case and conclude that the court's April

15, 2015, order denying National Life's motion for entry of judgment was not final and appealable because National Life was not ultimately foreclosed from collecting against IBC.

¶ 17                                    CONCLUSION

¶ 18    Based on the foregoing, National Life's appeal is dismissed for lack of jurisdiction.

¶ 19    Appeal dismissed.