2021 IL App (1st) 173038-U

No. 1-17-3038

Order filed December 20, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BRENDA FITZMAURICE, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | Case No. 2004 D 079028 |
| v. | ) | |
| | ) | The Honorable |
| MARTIN CANNY, | ) | Abbey Fishman Romanek. |
| | ) | Judge Presiding |
| Defendant-Appellant. | ) | |

JUSTICE WALKER delivered the judgment of the court with opinion.
Presiding Justice Hyman and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1   *Held*:  A payment of a judgment that does not include all the accrued interest on the judgment does not constitute satisfaction of the judgment.  To interpret a term in a statute, the court may look to definitions of the same term in other statutes.

¶ 2   The circuit court entered an order granting Brenda Fitzmaurice's petition to pierce the ownership veil for Martin Canny's home because Canny failed to pay child support.  See 750 ILCS 5/505(b) (West 2014).  On appeal Canny argues: (1) he satisfied the only judgment for child support that could justify piercing the veil; (2) the court should not have granted the petition to

pierce the veil at a hearing on his motion to dismiss the petition; and (3) the court improperly relied on the Uniform Fraudulent Transfer Act (Transfer Act) (740 ILCS 160/5 (West 2014)) in addressing the petition to pierce the veil. We find that Canny had not satisfied the judgment for child support, Canny forfeited the issue concerning the scope of the hearing, and the court properly considered the Transfer Act's definition of fraud. We hold that a payment of a judgment that does not include all the accrued interest on the judgment does not constitute satisfaction of the judgment. We also hold that when interpreting a term in a statute, the court may look to definitions of the same term in other statutes.

¶ 3                                    I. BACKGROUND

¶ 4      Fitzmaurice gave birth to Sinead in November 2003. DNA tests proved Canny fathered Sinead. A court ordered Canny to pay Fitzmaurice $1696 per month in child support. In February 2009, the court entered a judgment against Canny for $19,842 in unpaid child support. Canny quitclaimed his Burbank home to his sister, Mary Sexton, in March 2009.

¶ 5      In November 2014, the court found Canny in contempt for failing to pay child support. The court found that Canny owed $52,416 in child support and ordered him to pay a purge of $30,000 to stay out of jail. Canny paid the purge amount on November 17, 2014.

¶ 6      In December 2014, Fitzmaurice filed a petition against Sexton and Canny under section 505(b) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/505(b) (West 2014)) to pierce the ownership veil for Canny's Burbank home. Canny filed a response to the petition, but Sexton did not. Canny later filed a motion to dismiss the petition, arguing that section 505(b) did not apply to the transfer of his home to Sexton.

¶ 7      In its July 2017 order denying Canny's motion to dismiss, the court found:

"CANNY received no consideration from Sexton for the transfer of the property. *** Sexton has never resided in the United States and has always resided in Ireland. *** After the transfer of the property, CANNY has continued to: (1) reside at the property, (2) pay a home equity line of credit on the property, (3) take equity out of the property, and (4) pay real estate taxes on the property."

¶ 8    The court noted that section 505(b) allows the court to pierce the ownership veil and to compel application of assets toward payment of child support when the parent who owes support "transfers assets *** with intent to perpetrate a fraud on the custodial parent." 750 ILCS 5/505(b) (West 2014).   The court looked to the factors for determining whether a transfer counts as fraudulent under the Transfer Act to determine whether Fitzmaurice adequately showed that Canny acted with fraudulent intent, within the meaning of the Dissolution Act, when he quitclaimed the deed to his home.  The court found:

"(1) The transfer or obligation was to an insider; CANNY transferred the property to his sister, an insider; (2) The debtor retained possession or control of the property transferred after the transfer; CANNY retained possession and control of the property after quit claiming it to his sister; (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; the judgment was entered against CANNY approximately 30 days before he transferred the property to his sister; (5) The transfer was of substantially all the debtor's assets; CANNY has no other assets; (7) The debtor removed or concealed assets; CANNY quitclaimed the property to his sister without any consideration; (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation

was incurred; CANNY has no other assets since transferring the property; (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; CANNY transferred the property within 30 days of the entry of the judgment in this case."

¶ 9    The court then found that Fitzmaurice adequately showed grounds for piercing the ownership veil and ordered: "CANNY's Motion to Dismiss the Petition to Pierce the Ownership Veil of the property located [in] Burbank *** is hereby DENIED. *** The quitclaim deed for the property located [in] Burbank *** to Sexton *** is deemed NULL and VOID."

¶ 10    Canny filed a motion to reconsider, arguing that by paying the purge amount on November 17, 2014, he fully satisfied the debt established in the February 2009 order.  Fitzmaurice showed that at the statutorily mandated interest rate of 9% per year, the $30,000 payment did not cover all the interest that had accrued on the judgment as of November 17, 2014.  The court denied the motion to reconsider and added a finding of no just cause to delay enforcement or appeal.  Canny now appeals.

¶ 11                                    II. ANALYSIS

¶ 12    The court's order finally adjudicated Sexton's interest in the Burbank home.  Accordingly, Supreme Court Rule 304(a) gives this court jurisdiction to decide the appeal. Ill. S. Ct. R. 304(a) (eff. March 8, 2016); *National Life Real Estate Holdings, LLC v. International Bank of Chicago*, 2016 IL App (1st) 151446, ¶ 12.  Fitzmaurice filed no response to Canny's brief on appeal.  We consider the merits of the appeal based on Canny's brief alone.  *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13    On appeal, Canny argues: (1) the February 2009 judgement for child support cannot justify the order piercing the ownership veil, because his payment of $30,000 fully satisfied the judgment; (2) the court should have limited its ruling after the July 2017 hearing to Canny's motion to dismiss the petition to pierce the ownership veil; and (3) the court improperly applied the Transfer Act when Fitzmaurice did not seek relief under the Transfer Act.

¶ 14                    A. Satisfaction of the Judgment

¶ 15    A payment of a judgment that does not include all the accrued interest on the judgment is "insufficient to constitute satisfaction of the judgment." *Pinkstaff v. Pennsylvania Railroad Co.*, 31 Ill. 2d 518, 525 (1964); see also *Poe v. Industrial Comm'n*, 230 Ill. App. 3d 1, 10 (1992). Section 12-109(b) of the Code of Civil Procedure (735 ILCS 5/12-109(b) (West 2014)) requires monthly compounding of the statutory interest rate of 9% per year on judgments for child support. See 735 ILCS 5/2-1303 (West 2014); *In Re Marriage of Westlund*, 2020 IL App (1st) 190837, ¶ 18.   By the time Canny paid the purge amount in November 2014, approximately $13,000 in interest had accrued on the February 2009 judgment for $19,842.   His payment of $30,000 fell about $2,800 short of satisfying the judgment.   Section 505(b) of the Dissolution Act permitted the court to pierce the ownership veil to satisfy the judgment if Fitzmaurice could show fraudulent intent.   750 ILCS 5/505(b) (West 2014).

¶ 16                    B. Court's Authority

¶ 17    Canny, even in his motion for reconsideration, never suggested that the trial court lacked authority to address the merits of the petition to pierce the ownership veil in the July 2017 order. We note that the court's inherent authority to control its docket appears broad enough to permit the court to enter a final order *sua sponte* where no facts remain in dispute.   See *J.S.A. v. M.H.*,

224 Ill. 2d 182, 196 (2007); *Del Hayes & Sons, Inc. v. Mitchell*, 230 N.W.2d 588, 591-92 (Minn. 1975); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977). However, we need not decide the extent of the court's authority to act *sua sponte* here because we find that Canny forfeited the issue by failing to raise it in the circuit court. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 161 (1999). Hence, we choose not to address the merits of the forfeited issue.

¶ 18                               C. Transfer Act

¶ 19    Finally, Canny contends the circuit court improperly relied on the Transfer Act when it voided the transfer of the Burbank home to Sexton. The Dissolution Act permits the court to pierce the ownership veil when the parent who owes child support "transfers assets *** with intent to perpetrate a fraud on the custodial parent." 750 ILCS 5/505(b) (West 2014). We found no definition of fraud in the Dissolution Act, and the parties do not suggest that the Dissolution Act defines fraud. "Legislative intent as to the meaning of words can be ascertained from the history of the legislation or from the use of the term in other sections of the same or other Illinois statutes." *In re Tax Deed*, 311 Ill. App. 3d 440, 444 (2000) "[A] legislative definition of certain words in one statute, although not conclusive, is entitled to consideration in construing the same words in another statute." *State v. Turner*, 567 N.E.2d 783, 784 (Ind. 1991); see *Matter of J.M.M.*, 890 N.W.2d 750, 754 (Minn. App. 2017). The court appropriately looked to the Transfer Act for guidance in interpreting the fraud requirement of the Dissolution Act.

¶ 20                               III. CONCLUSION

¶ 21    Canny's payment of $30,000 in November 2014 did not satisfy the February 2009 judgment because the payment did not cover all the accrued interest on the judgment. Canny

waived any objection to the circuit court addressing the merits of the petition to pierce the ownership veil by failing to raise the issue in the circuit court. The circuit court properly looked to the factors listed in the Transfer Act for finding fraud as a guide for interpreting the fraud requirement of section 505(b) of the Dissolution Act. Accordingly, we affirm the circuit court's judgment.

¶ 22    Affirmed.