2026 IL App (1st) 241954-U

No. 1-24-1954

Order filed May 29, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| RAYMOND CAHNMAN, | ) | Appeal from the |
| | ) | Circuit Court of Cook County, |
| Plaintiff-Appellee, | ) | Law Division. |
| | ) | |
| v. | ) | No. 2013 CH 26214 |
| | ) | 2013 L 11973 |
| DAVID ZAZOVE, | ) | 2014 L 9779 |
| | ) | |
| Defendant-Appellant. | ) | Honorable |
| | ) | James E. Hanlon Jr., |
| | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Wilson concurred in the judgment.

**ORDER**

¶ 1    *Held*: This court lacks jurisdiction where the circuit court's order denying defendant's motion to enforce a settlement agreement was not a final judgment.

¶ 2    Defendant David Zazove appeals from the circuit court's denial of his motion to enforce a settlement agreement where plaintiff Raymond Cahnman purportedly agreed to discharge defendant's debt from legal judgments in exchange for $150,000. On appeal, defendant contends that the circuit court erred in failing to conduct an evidentiary hearing and in determining that there

was no enforceable settlement agreement. However, because the order that defendant seeks to appeal is not final or otherwise appealable, we dismiss this appeal for lack of appellate jurisdiction.

¶ 3                                   I. BACKGROUND

¶ 4     On September 16, 2019, the circuit court entered judgment in a business dispute for plaintiff Raymond Cahnman against defendant David Zazove in the amount of $7,719,877.34. This court affirmed that judgment. *Cahnman v. Timber Court LLC*, 2021 IL App (1st) 200338, ¶ 1. Plaintiff initiated supplemental proceedings to collect the judgment (735 ILCS 5/2-1402 (West 2018)).

¶ 5     During supplemental proceedings, on December 22, 2023, plaintiff's attorney emailed defense counsel and offered to settle the outstanding debt if defendant paid $150,000. The offer would expire on January 3, 2024. Defense counsel replied and asked whether he could accept the offer as a framework subject to the drafting and approval of a final agreement. The following day, defense counsel replied again and stated, "subject to approval of a final settlement agreement, my client is hereby accepting your client's settlement offer ***." Plaintiff's counsel confirmed receipt and said she would draft the agreement.

¶ 6     The next week, plaintiff personally emailed defendant, without copying defense counsel, and altered the offer. Plaintiff said the settlement would not become "binding and enforceable" until defendant deposited the $150,000, and the offer would lapse if it was not deposited by January 8. The parties negotiated and exchanged drafts of a final agreement with the help of their attorneys. However, they did not agree on whether the release was a general release or limited to the September 2019 judgment. They also failed to agree on whether the release was limited to

defendant or extended to other persons and entities related to defendant. Defendant did not deposit the $150,000, and the January 8 deadline passed.

¶ 7     Defendant moved the circuit court to enforce a settlement agreement as articulated in the December 22 and 23 email exchange. The circuit court denied the motion. This timely appeal followed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017); R. 304(b)(4) (eff. Mar. 8, 2016).

¶ 8                                       II. ANALYSIS

¶ 9     Plaintiff argues this court lacks jurisdiction because the circuit court's order was not a final judgment or order in a supplemental proceeding under Illinois Supreme Court Rule 304(b)(4) (eff. Mar. 8, 2016). Defendant argues this court has jurisdiction under Rule 304 because the order was a definite and separate part of the supplemental proceeding. "Jurisdiction is a threshold issue which may be raised at any time [citation], and this court has an independent duty to consider its jurisdiction and dismiss an appeal where jurisdiction is lacking [citation]. The appellant bears the burden of establishing jurisdiction." *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36.

¶ 10    Under section 2-1402 of the Code of Civil Procedure, judgment creditors may "initiate supplementary proceedings against a judgment debtor to discover assets of the debtor and to apply those assets to satisfy an unpaid judgment." *Workforce Solutions v. Urban Services of America, Inc.*, 2012 IL App (1st) 111410, ¶ 39 (citing 735 ILCS 5/2-1402(a) (West 2008)). Judgment creditors may also use supplemental proceedings to compel third parties to turn over assets that belong to the judgment debtor. *Id.*

¶ 11    Rule 304(b)(4) permits an appeal from "[a] final judgment or order entered in a proceeding under section 2-1402 of the Code of Civil Procedure." Ill. S. Ct. R. 304(b)(4) (eff. Mar. 8, 2016). "A judgment or order is final if it disposes of the rights of the parties, either on the entire case or

on some definite and separate part of the controversy." (Internal quotation marks omitted.) *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997).

¶ 12    "[F]ew cases discuss which orders in supplementary proceedings are final orders." *National Life Real Estate Holdings, LLC v. International Bank of Chicago*, 2016 IL App (1st) 151446, ¶ 12. However, courts have held an order from a supplemental proceeding "is said to be final when the [judgment creditor] is in a position to collect against the judgment debtor or a third party, or the [judgment creditor] has been ultimately foreclosed from doing so." (Internal quotation marks omitted.) *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 26 (quoting *D'Agostino v. Lynch*, 382 Ill. App. 3d 639, 642 (2008)). Thus, in the context of supplemental proceedings, an order is final if it disposes of the citation proceeding or definitely adjudicates a party's rights to some specific asset or property.

¶ 13    Here, the order denying the motion to enforce the settlement agreement did not adjudicate a party's rights in some asset or property, and the putative settlement itself was ancillary to the enforcement proceedings. The order has no indicia of finality: the supplemental proceeding continues and the order did not adjudicate a right to assets. As a consequence, the order is interlocutory which places it outside of Illinois Supreme Court Rule 304(b)(4).

¶ 14    Defendant's arguments to the contrary are unavailing, and the authority on which he relies is readily distinguished. In *PNC Bank, N.A. v. Hoffmann*, 2015 IL App (2d) 141172, ¶¶ 22-27, the appellate court held that it had jurisdiction over a judgment debtor's appeal from the denial of her claim for damages for the improper attachment of an exempt asset (an IRA). The damages claim related directly to a final judgment in the supplemental proceeding: a dismissal of a citation against

an exempt asset. *Id.* ¶¶ 8-10. In contrast, in denying the motion to enforce, the circuit court did not adjudicate any rights in an asset or property.

¶ 15    Defendant contends that the motion to enforce raised a separate issue of substantive contract law, and cites *Kim v. Alvey*, *Inc.*, 322 Ill. App. 3d 657, 672 (2001). *Kim* dealt with a garden-variety enforcement of a settlement agreement in a tort case after trial. *Id.* The case simply does not speak to the issue here: the limited jurisdiction to review final orders arising from supplemental proceedings.

¶ 16    Defendant's reliance on *In re Estate of Yucis*, 382 Ill. App. 3d 1062, 1069 (2008), is also misplaced. There, the appellate court held an order that directs a debtor to sell nonfungible property, even if it does not fully satisfy the judgment, is a final order because it "decides the debtor's right to possess a given piece of property." *Id.* at 1065, 1069.

¶ 17    Defendant also argues the settlement order was final and appealable because it determined defendant's substantive right to enforce a contract. See *Inland Commercial Property Management, Inc.*, 2015 IL App (1st) 141051, ¶ 26. In *Inland*, the appellate court explained that a motion denying a substitution of judge in a supplemental proceeding was not final, and the appellate court noted that the order did not determine any substantive rights. *Id.* However, the *Inland* court applied the same standard we apply here. It explained that the order was not final because it "did not put plaintiff in a position to collect the judgment amount or direct the third-party respondents to turn over funds." *Id.* (citing *D'Agostino*, 382 Ill. App. 3d at 642).

¶ 18    Finally, defendant argues the supplemental proceedings have been pending for many years and will continue indefinitely because the full amount will never be paid. In turn, defendant argues there will never be an appealable order on the settlement issue, which violates defendant's right to

appellate review under the Illinois Constitution. See *In re Organization of Fox Valley Community Airport Authority*, 23 Ill. App. 3d 168, 170 (1974) (explaining "the basis for the right of appellate review in Illinois is in the Constitution"). However, "[t]he appellant bears the burden of establishing jurisdiction." *Salviola*, 2020 IL App (1st) 182185, ¶ 36. Defendant's asserted basis for jurisdiction—Illinois Supreme Court Rule 304(b)(4)—has no application here because the order appealed was not final in any respect. Our jurisdiction is defined and limited by the Illinois Supreme Court rules, and we have no authority to expand that jurisdiction. *Lewis v. NL Industries, Inc.*, 2013 IL App (1st) 122080, ¶ 5. We can find no alternative basis for exercising appellate jurisdiction, and defendant has provided us with none. As a consequence, the appeal must be dismissed for want of jurisdiction.

¶ 19                                    III. CONCLUSION

¶ 20     This appeal is dismissed for lack of jurisdiction.

¶ 21     Dismissed.